IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR GONZALEZ, | ) |
| | ) |
| Petitioner, | ) |
| -vs- | ) |
| | )   Criminal No. 03-213 |
| UNITED  STATES  OF AMERICA, | ) |
| | )   Civil No.  05-921 |
| Respondent. | ) |

AMBROSE, Chief District Judge.

# OPINION
## and
## ORDER OF COURT

### SYNOPSIS

This matter involves Petitioner Victor Gonzalez's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion"), pursuant to 28 U.S.C. §2255, filed on June 30, 2005. (Docket No. 39). The Government responded to the Motion on July 21, 2005. (Docket No. 41). The Motion is now ripe for review.

On August 19, 2003, a federal grand jury in the Western District of Pennsylvania returned a two-count Indictment charging Petitioner with (1) conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine, a Schedule II controlled substance (count 1); and (2) possession with the intent to distribute 500 grams or more of cocaine, a Schedule II controlled substance (count 2). On February 17, 2004, Petitioner changed his plea to guilty as to count one of the

Indictment.

On June 30, 2004, I sentenced Petitioner to a term of 46 months imprisonment and four years of supervised release. Petitioner did not file a direct appeal with the United States Court of Appeals for the Third Circuit. Petitioner filed the instant Motion to Vacate his sentence on June 30, 2005. After careful consideration of the submissions of the parties and as set forth more fully below, Petitioner's Motion (Docket No. 39) is denied.

## I. **STANDARD OF REVIEW**

28 U.S.C. § 2255 provides a means of collaterally attacking a sentence imposed after a conviction. United States v. Cannistraro, 734 F. Supp. 1110, 1119 (D.N.J. 1989), aff'd, 919 F.2d 133 and 919 F.2d 137 (3d Cir. 1990). Pursuant to § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

A district court need not hold an evidentiary hearing on a § 2255 motion if the

motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402, 403 (3d Cir. 2004). Under that standard, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

## II. PETITIONER'S MOTION

Petitioner's Motion asserts two basic claims of error. First, Petitioner argues that his sentence was determined pursuant to sentencing guidelines that have since been declared unconstitutional. Second, Petitioner contends that he is not receiving required medication and treatment for his drug and alcohol abuse, bipolar disorder, and ADHD, while incarcerated at the Federal Correctional Institution in Sheridan, Oregon. I will address each of Petitioner's arguments in turn.

## A. SENTENCING GUIDELINES

I first address Petitioner's contention that his sentence was determined pursuant to sentencing guidelines that have since been declared unconstitutional. In this regard, Petitioner argues that "[t]he judge failed to properly take into account my mental health and the ill effect my incarceration would have on my children and other family members, due to the unconstitutional sentencing guidelines by which she was bound." Petition at 5. Petitioner's claim is procedurally barred.

As the government correctly notes, the only potentially relevant decision addressing the constitutionality of the sentencing guidelines is the United States Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005). In Booker, the Supreme Court held that the Federal Sentencing Guidelines were unconstitutional because their mandatory nature required judges to find facts that increased

sentences based only on a preponderance of the evidence, thus violating defendants' Sixth Amendment rights. 125 S. Ct. at 755-56. The Supreme Court then went on to "delete the mandatory nature of the Guidelines and transform them into advisory guidelines." In re Olopade, 403 F.3d 159, 161 (3d Cir. 2005) (citing Booker, 125 S. Ct. at 764).

The United States Court of Appeals for the Third Circuit, however, has held that Booker "does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker issued." Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005); see also In re Olopade, 403 at 163-64. Here, Plaintiff's June 30, 2004 sentence became final months before Booker was decided.[1] Thus, Petitioner cannot rely on Booker as grounds for relief.

Because Booker does not apply retroactively to Petitioner's case, I need not address Petitioner's substantive arguments on this ground for relief.

## B. TREATMENT DURING INCARCERATION

I next address Petitioner's contention that he is not receiving the treatment or medication he allegedly requires in prison. Petitioner avers that he suffers from bipolar disorder and ADHD and has a history of abusing drugs and alcohol. Petition at 5. He states that his doctor has prescribed a number of medications for him, most of which he is not receiving in prison. Id. He also contends that he should be receiving treatment for his drug and alcohol problems, but is not. Id. Petitioner has

---

[1] Where, as here, a defendant does not pursue a direct appeal to the court of appeals, "his or her conviction and sentence become final . . . on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); see also Fed. R. App. P. 4(b) (setting forth deadline for filing direct appeal).

attached a letter from his physician in support of his Petition.

This issue deals with the manner of carrying out Petitioner's sentence rather than its original imposition or terms.  Such issues must be addressed in a motion filed pursuant to 28 U.S.C. § 2241 and are not cognizable under § 2255.  See United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004); Rickenbacker v. United States, 365 F. Supp. 2d 347, 353 (E.D.N.Y. 2005).

Even if I were to construe Petitioner's Motion as one under § 2241, such motion still would be denied.  Under § 2241, federal district courts may issue writs only "within their respective jurisdictions."  28 U.S.C. § 2241; see also Rumsfeld v. Padilla, 124 S. Ct. 2711, 2724 (2004).  Here, Petitioner is confined in federal prison located in Sheridan, Oregon.   This Court, located in Pittsburgh, Pennsylvania, does not have jurisdiction to issue a writ to custodians of prisoners in Oregon.  See Rickenbacker, 365 F. Supp. at 353.

For all of these reasons, Petitioner's second ground for relief is without merit.

### III.  CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."  In this case, for the reasons stated in the foregoing Opinion, Petitioner has not made such a showing.  Therefore, a certificate of appealability will not issue.

### CONCLUSION

For all of the reasons set forth above, Petitioner has not stated sufficient grounds for relief under § 2255, and his Motion is denied.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICTOR GONZALEZ,                )
                          )
        Petitioner,      )
  -vs-                    )
                          Criminal No. 03-213
UNITED   STATES   OF AMERICA,  )
                       )  Civil No.  05-921
        Respondent.    )

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **19ᵗʰ** day of August, 2005, it is Ordered that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 39) is DENIED.  Furthermore, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue in any respect.

This Order shall be entered  and close  both the civil and criminal dockets.

BY THE COURT:

S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge